UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

IN RE: MICHAEL ROYCE HUBBARD
BARBARA JEAN HUMPHERY

CASE NO. 17-BK-10811

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

NOTICE is hereby given that First Heritage Credit of Louisiana, LLC ("Creditor") hereby files an Objection to the Debtor's Chapter 13 Plan (hereinafter "Debtor" whether one or more). Creditor objects to the Plan for the following reasons:

1.

A. The Debtor provides in the plan that Creditor is partially secured, and plans to pay only a portion of the entire debt.

B. Creditor has a secured debt. The documents evidencing the debt and security are attached hereto.

2.

The rebated balance owed to Creditor as of the date of filing was $3,108.74, and the interest rate should be reasonable.

3.

Creditor should be paid concurrently with any administrative fees in order to not diminish its collateral value.

4.

If Creditor is determined to have an oversecured claim, Creditor prays that Debtor pay reasonable attorney's fees incurred in connection with filing this proceeding, pursuant to 11 U.S.C. 506(b).

5.

The Debtor must recognize Creditor's security and plan to pay 100% of the value of the collateral over a reasonable period of time at the *In Re: Till* interest rate. At the time of the loan the debtor valued the collateral securing the loan at $4,100.00.

6.

Creditor objects to any claimed exemption as to the collateral listed on the attached security agreement.

7.

Creditor reserves the right to introduce evidence at the confirmation hearing concerning Debtor's compliance with 11 U.S.C. § 1322 (a)(1) and/or 11 U.S.C. § 1325 (b)(1)(B).

8.

In the event it is determined that Debtor is not paying all disposable income into the plan, Debtor shall be required to revise its budget and schedules accordingly.

9.

Creditor prays that the confirmation will be denied.

Shreveport, Louisiana, this  16  day of June, 2017.

/s/ Kevin J. Payne

| | |
|---|---|
| FRED A. ROGERS, III | BAR # 2080 |
| E. KEITH CARTER | BAR #16847 |
| KEVIN J. PAYNE | BAR #28717 |
| SANDY E. CLAUSE | BAR #28535 |
| JORDAN B. BIRD | BAR #32344 |
| GRAY H. MCCRAW III | BAR#33972 |

ROGERS, CARTER, & PAYNE, LLC
4415 Thornhill Avenue
Post Office Box 7235
Shreveport, Louisiana 71137
(318) 861-1111

ATTORNEYS FOR CREDITOR

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

IN RE: MICHAEL ROYCE HUBBARD
BARBARA JEAN HUMPHERY

CASE NO. 17-BK-10811

### CERTIFICATE OF SERVICE

I, Kayla B. Woodall, Paralegal for Rogers, Carter & Payne, LLC, do hereby certify that a copy of the foregoing Notice of Objection to Confirmation of Chapter 13 Plan filed in connection with this matter has been mailed by United States Mail, postage prepaid, via e-mail or hand-delivered to the following persons:

Michael Hubbard and
Barbara Humphery
7904 Arcadian Shores
Shreveport, LA 71129

L. Laban Levy
Attorney at Law
4700 Line Avenue
Suite 200
Shreveport, LA 71106

Todd S. Johns
Chapter 13 Trustee
P.O. Box 1770
Shreveport, LA 71166

U. S. Bankruptcy Trustee
300 Fannin Street
Suite 3196
Shreveport, LA 71101

This Certificate dated this 16 day of June, 2017 in Shreveport, Louisiana.

/s/ Kayla B. Woodall
KAYLA B. WOODALL
Paralegal for Rogers, Carter, & Payne, LLC

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING
DISCLOSURE STATEMENT AND SECURITY AGREEMENT**

Direct Precomputed LOCL

Date of Loan: 10/16/2015    Date Finance Charge Starts: 10/16/2015    Account No. _____

**BORROWER:** Barbara Humphrey
(Print Full Name)
522 Seneca Trail         Shreveport                    LA      71107
(Street No.)             (City)          (Parish)      (State) (Zip)

**CO-BORROWER:** _____
(Print Full Name)
(Street No.)             (City)          (Parish)      (State) (Zip)

**LENDER:** First Heritage Credit Of Louisiana, LLC   6205 Westport Ave   West Shreveport         LA   71129
(Name)                                (Street No.)   (City)   (County)   (State)   (Zip)

| ANNUAL PERCENTAGE RATE<br>The cost of my loan as a yearly rate. | FINANCE CHARGE<br>The dollar amount my loan will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 36.33 % | $ 1,102.77 | $ 2,617.23 | $ 3,720.00 |

**Payment Schedule:** My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 155.00 | Due on 11/16/2015 |
| 23 Equal Installment Payments of: | $ 155.00 | On the same day of each month thereafter. |

**Late Payment:** If I fail to pay any installment payment under this Note within 10 days of when due, you may charge me a late payment fee of 5.00% of the delinquent amount, or $10.00, whichever is greater.

**Prepayment:** If I pay off early, I may be entitled to a refund of part of the Finance Charge.

**Security Interest:** My loan is secured by the following property more fully described on Schedule A: ☐ The goods or property being purchased with the loan proceeds.
☒ Certain Household Goods ☐ Mobile Home(s) ☐ Motor Vehicle(s) ☐ Collateral securing other loans with us may also secure this loan.
☐ Other Collateral (brief description): _____
☐ Real Estate located at: _____

**Credit Insurance:** Credit life insurance and credit disability insurance are not required in order to obtain this loan and will not be provided unless I sign below. I have the option of voluntarily electing to purchase credit insurance through you.

| Type | Premium | Term | Signature: I (we) want voluntary credit life and/or disability insurance as indicated by it's signature below. |
|---|---|---|---|
| Credit Life Insurance with Dismemberment<br>☒ Single ☐ Decreasing<br>☐ Joint ☒ Level | $ 137.64 | 24 Mos. | Barbara Humphrey |
| Credit Disability Insurance Rider (single) | $ 0.00 | 0 Mos. | |
| I do not want Credit Life Insurance | | | |
| I do not want Credit Disability Insurance | Barbara Humphrey | | |

**NOT APPLICABLE UNLESS CHECKED**

☐ **Assumption Policy:** If secured by my dwelling, a subsequent purchaser of my dwelling financed under this loan may not be permitted to assume the loan.
☐ **Motor Vehicle/Mobile Home Property Insurance:** I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance on Auto from you, the cost will be $0.00 for a term of 0 months. If I choose to purchase required property insurance on Mobile Home from you, the cost will be $0.00 for a term of 0 months.   Signature _____
☒ **Property Insurance (Non Motor Vehicle):** I may purchase property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase property insurance from you, the cost will be $290.16 for a term of 24 months.   Signature Barbara Humphrey
☐ **Property Insurance (Real Estate):** I may purchase required property insurance on my real estate securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $0.00 for a term of 0 months.   Signature _____
☒ **Single Involuntary Unemployment Insurance:** Involuntary Unemployment Insurance is not required in order to obtain this loan. I have the option of voluntarily electing to purchase involuntary unemployment insurance coverage through you. Cost of coverage will be $148.50 for a term of 24 months.   Signature Barbara Humphrey

**Contract Reference:** I should look to my Note, Security Agreement and Mortgage or Deed of Trust for additional information about non-payment, default, your right to accelerate payment, and prepayment rebates.

☐ **Auto Club Membership:** As described in your membership application, the cost will be $0.00.   Signature _____
☐ **Accidental Death and Dismemberment Insurance:** As described in your policy, the cost will be $0.00.   Signature _____

**Itemization of the Amount Financed**

| (A) Amount Paid Directly to Me | $ 692.53 | (2) Amounts Paid for: | |
|---|---|---|---|
| (B) Amount Credited To My Existing Loan(s) with You | $ 1,318.10 | (a) Filing and Termination Fees to Public Officials | $ 30.00 |
| (C) Amounts Paid to You for: | | (3) Title Search Fee | $ 0.00 |
| (1) Loan Fee | $ 50.00 | (4) Appraisal Fee | $ 0.00 |
| (2) Documentation Fee | $ 20.00 | (5) Title Insurance | $ 0.00 |
| (D) Non-Filing Ins to Ins. Co. | $ 0.00 | (6) | $ 0.00 |
| (E) Amounts Paid to Others on My Behalf | | (7) Amounts Paid to Car Club | $ 0.00 |
| (You and/or your affiliates may receive and retain a portion of these amounts) | | (8) Amounts Paid to AD&L Insurance | $ 0.00 |
| (1) To Insurance Companies for: | | (9) Amounts Paid to _____ | $ 0.00 |
| (a) Credit Life Insurance | $ 137.64 | (10) Amounts Paid to _____ | $ 0.00 |
| (b) Single Disability Insurance | $ 0.00 | (11) Amounts Paid to _____ | $ 0.00 |
| (c) Single Involuntary Unemployment Insurance | $ 148.50 | (12) Amounts Paid to _____ | $ 0.00 |
| (d) Gap Coverage | $ 0.00 | (13) Amounts Paid to _____ | $ 0.00 |
| (e) Property Insurance (motor vehicle/mobile home) | $ 0.00 | (F) (Less) Prepaid Finance Charges | $ 70.00 |
| (f) Property Insurance (non-motor vehicle) | $ 290.16 | (G) Amount Financed (Sum of A through E minus F) | $ 2,617.23 |

Contract Rate ___33.40___%   **PROMISSORY NOTE ("Note")**

**PROMISE TO PAY:** I promise to pay to your order (to pay to the order of the Lender) at your offices in ___West Shreveport___, Louisiana, the sum of
Three Thousand Seven Hundred Twenty and 00/100
($ 3,720.00 ) DOLLARS, as agreed in the above Payment Schedule.

**ADDITIONAL PROMISSORY NOTE TERMS AND CONDITIONS AND SECURITY AGREEMENT CONTINUED ON REVERSE**

I (We) acknowledge receipt of a completed copy of this Disclosure Statement, Promissory Note and Security Agreement. I and agree to their terms and conditions (as continued on reverse). I (We) authorize you to make disbursements as itemized above. The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.

Barbara Humphrey
**BORROWER** Barbara Humphrey                              **CO-BORROWER** _____

Arett Ulea
**WITNESS**                                                **WITNESS** _____

02/24/04                          ORIGINAL

Promissory Note Terms and Conditions Continued from Face Side

**Late Payment:** If I fail to pay any installment payment under this Note within 10 days of when due, you may charge me a late payment fee of 5.00% of the delinquent amount, or $10.00, whichever is greater. In addition, if 2 or more installments are in default for 10 days or more you may choose to convert the outstanding balance on my loan to a simple interest transaction at the Contract Rate after providing the written notice and the finance charge rebate required under the Louisiana Consumer Credit Law.

**Deferral Fee:** In lieu of assessing a late charge as provided above, if an installment is not paid within 10 days of its scheduled due date, you may unilaterally grant a deferral and assess a deferral charge as provided under the Louisiana Consumer Credit Law.

**Attorney Fees:** If you have to sue me or refer this Note to an attorney for collection, I agree to pay your reasonable attorney fees and all costs associated with the suit.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate this maturity) of this Note upon any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I have engaged in fraud or made a material misrepresentation in connection with my loan, or (3) if any action I take or inaction on my part adversely affects your security for this Note or any right you may have in such security.

**NSF Check Charges:** In the event that I make any payment on this Note by check and my check is returned to you unpaid due to insufficient funds in my deposit account, I agree to pay you an additional NSF Check Charge equal to the greater of 5% of the amount of my dishonored check or $25.00. If the proceeds of this Note are used to purchase, finance, or re-finance a motor vehicle, and in the event that I make any payment on this Note by check and my check is returned to you unpaid due to insufficient funds in my deposit account, I agree to pay you an additional NSF Check Charge equal to 5% of the amount of my dishonored check not to exceed $15.00.

**Additional Interest:** If you accelerate payment under this Note for any reason and file suit against me, or if this Note remains unpaid after its Final Payment Date (indicated on the face side), I agree to pay additional interest on the unpaid principal balance of this Note at the Contract Rate (indicated on the face side) until one (1) year after the Final Payment Date, and after that, at the rate of 18% per annum until this Note is paid in full. However, if the proceeds of this Note are used primarily for business, commercial or agricultural (non-consumer) purposes, I agree to pay additional interest on the unpaid principal balance of this Note following acceleration of maturity at the Contract Rate (indicated on the face side) until this Contract is paid in full.

**Prepayment:** I may prepay this Note in full at any time. I understand that, if I prepay in full or you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 60 months or less, my rebate will be calculated according to the Rule of 78's, after first deducting a $25.00 prepayment charge if prepayment or acceleration occurs during the first one-half of the Note's term. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charges (if any) will not be rebated upon prepayment or acceleration and are earned by you at the time this Note is signed. If my Note is secured by my principal dwelling and I prepay it by refinancing with the Lender or an affiliate of the Lender, any rebate of unearned finance charge will be calculated by applying the actuarial method and the prepayment penalty described below will not apply.

**Payoff Statement:** I agree that, while this Note has a balance outstanding, you may charge me a reasonable fee in the event that I request more than one payoff statement annually in connection with my Note. I understand that you will disclose the amount of this fee to me before providing the requested payoff statement.

**Governing Law:** I agree that this Note and loan shall be governed and construed under the laws of the State of Louisiana. Specifically, this Note shall be subject to the Louisiana Consumer Credit Law when the proceeds of this Note are used primarily for personal, family or household (consumer) purposes. However, if the proceeds of this Note are used primarily for business, commercial or agricultural purposes, this Note will be subject to La. R.S. § 9:3509

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be joint, several and solidary with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

Signature Lines on Face Side

## SECURITY AGREEMENT

**Secured Indebtedness:** For purposes of this Contract, the term "indebtedness" means: (1) my indebtedness under the above Note (in principal, interest, late charges, NSF check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my indebtedness is secured under this Contract by my principal residence, the term "indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future indebtedness as defined above, I am granting you a continuing security interest on the face side of this Contract and Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the indebtedness until the last and final payment of the indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the contract rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the State of Louisiana for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the indebtedness or under any of my obligations under this Contract, I agree that you shall have the right to accelerate payment of all amounts which I (or any of us) may then owe to you, which will then entitle you to foreclose under this Contract and cause the Property to be immediately seized and sold under ordinary or executory process, in accordance with applicable Louisiana law, whether in term of court or vacation, without the necessity of further demanding payment from me or notifying me or placing me in default.

For purposes of foreclosure under Louisiana executory process procedures, I acknowledge to be indebted to you and confess judgment in your favor in the full amount of my (and our) present and future indebtedness. To the extent permitted under applicable Louisiana law, I additionally waive: (a) the benefit of appraisal as provided under Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (b) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure, (c) the notice of seizure as provided under Article 2293 of the Louisiana Code of Civil Procedure; (d) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (e) all other benefits provided under Articles 2331, 2723 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above. I agree that you may appoint a keeper of the Property in the event of foreclosure. I additionally agree to hold you harmless from any and all claims for damages to persons or property as a result of the seizure of the Property.

Should the Property for any reason be located in another state at or following any default under the indebtedness or under this Contract, or should there be a subsequent change in Louisiana law permitting self-help remedies, I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located or under the laws of this state as applicable. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Louisiana law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least ten (10) days (or such lesser period of time as may be permitted by applicable law) before the time of the sale or disposition.

I agree to pay your reasonable attorney's fees and all reasonable expenses relating to the sale or other disposition of the Property including without limitation expenses of retaking, holding, insuring, preparing for sale and selling the Property. All such out-of-pocket collection costs and expenses shall become part of the indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of any Standing Statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I am waiving any and all exemptions from seizure with regard to the Property as may be granted under applicable law. I further agree that any failure or your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of such paragraph.

Signature Lines on Face Side

In this Contract (including the above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeably mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract, the separate Schedule A, Insurance Authorization and Deed of Trust, if any, which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract. This Contract shall be governed and construed under the laws of the State of Louisiana.

## Guaranty

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.

_____  _____
Guarantor                     Guarantor

☐ (Not applicable unless checked)

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

All motorists are required by law to be covered by an automobile liability policy with legally prescribed liability limits, which is not included in the insurance listed above. Failure to obtain liability insurance in legally prescribed amounts may result in penalties, including suspension or revocation of driving privileges.

The within instrument or agreement
is pledged as collateral to
Wells Fargo Bank, N.A.,
agent for various financial institutions.

SCHEDULE A - SECURITY EVALUATION

Personal Property Collateral:

| Item | Value |
|---|---|
| Dell Desktop Computer | $500.00 |
| Acer Laptop Computer | $300.00 |
| 32" Sanyo Flat Screen Tv | $350.00 |
| 19" Sanyo Flat Screen Tv | $150.00 |
| 52" Big Screen Tv | $600.00 |
| Push Lawn Mower | $200.00 |
| Dvd Player | $50.00 |
| 2nd - Dvd Player | $50.00 |
| 3rd - Dvd Player | $50.00 |
| 60 Dvd Movies | $300.00 |
| Womens Watch-Bulivar | $100.00 |
| Womens White Gold Necklace And Ring Set W/diamonds | $600.00 |
| Xbox 360 Game Console W/5 Games | $350.00 |
| Leaf Blower | $250.00 |
| Weed Eater | $250.00 |

Total Value of Collateral: $4,100.00

I affirm the above items used as collateral on Loan    Dated 10/16/2015 Reflects actual cash value as indicated.

_____    _____
Employee Signature                  Barbara Humphrey

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

Gary Loftin, Caddo Parish Clerk of Court
**09-1280951**
10/23/2015 04:07 PM

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
First Heritage Credit Of Louisiana, LLC  318-666-9891

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)
First Heritage Credit Of Louisiana, LLC
6205 Westport Ave Ste 100
West Shreveport, LA 71129

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Humphrey | Barbara | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 522 Seneca Trail | Shreveport | LA | 71107 - | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| First Heritage Credit Of Louisiana, LLC | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6205 Westport Ave Ste 100, . | West Shreveport | LA | 71129 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

Dell Desktop Computer, , ;Acer Laptop Computer, , ;32" Sanyo Flat Screen Tv, , ;19" Sanyo Flat Screen Tv, , ;52" Big Screen Tv, , ;Push Lawn Mower, , ;Dvd Player, , ;2nd - Dvd Player, , ;3rd - Dvd Player, , ;60 Dvd Movies, , ;Womens Watch-Bulivar, , ;Womens White Gold Necklace And Ring Set W/diamonds, , ;Xbox 360 Game Console W/5 Games, , ;Leaf Blower, , ;Weed Eater, , ;

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA**

ACKNOWLEDGMENT COPY — UCC FINANCING STATEMENT (Form UCC1) (REV. 04/20/11)